POWELL INDUSTRIES, INC.
and Thomas W. Powell,
Petitioners

v.

Corbett U. ALLEN, Respondent.

No. 98–0388.

Supreme Court of Texas.

Dec. 31, 1998.

Linda D. King, Winstead Sechrest & Minick, Houston, for Petitioners.

Katherine Butler, Margaret A. Harris, Butler & Harris, John Fritz Barnett, Barnett & Craddock, Houston, for Respondent.

PER CURIAM.

This case involves an agent's alleged tortious interference with his principal's contract. Corbett Allen sued Thomas Powell for tortious interference with his employment contract with Powell Industries. He also sued Powell Industries and Thomas Powell for wrongful termination, breach of the duty of good faith and fair dealing, and intentional infliction of emotional distress. The trial court granted summary judgment for Powell and Powell Industries on all claims. Allen appealed only the adverse judgment on the wrongful termination and tortious interference claims. The court of appeals reversed and remanded these claims to the trial court. —— S.W.2d ——, 1998 WL 17749. We conclude that Powell negated an element of Allen's tortious interference claim. Accordingly, we reverse that part of the court of appeals' judgment and render judgment that Allen take nothing against Powell for tortious interference. We affirm the court of appeals' judgment remanding the wrongful termination claim to the trial court.

In 1989, Thomas Powell, president and chief executive officer of Powell Industries, Inc., asked Corbett Allen, the company's chief financial officer, to have the company pay $3,000 for Powell's personal accounting services. Allen told Powell that the board of directors had to approve the payment. Powell responded that the board had adopted a resolution to pay for tax consultant work on behalf of its top executives. Allen was unable to find the resolution in the corporate minutes. Allen told Powell that it would be illegal for him to pay the invoices. Allen alleges that Powell then replied, in an angry manner, "Don't worry, I'll take care of it." Powell later paid the invoices.

Allen then told the chairman of the board's audit subcommittee about Powell's request. On the same day, Powell and Allen met with the company's human resources director. During the meeting, Allen claimed that Powell was treating Powell Industries, which is publicly-traded, as a private company and that he and Powell could not work together.

During a special board meeting less than a week later, Allen presented his grievances against Powell. Allen complained of Powell's demand and questioned Powell's ability to serve as C.E.O. Allen alleges that after he left the board meeting, the board voted to keep Powell as C.E.O. and for Powell "to take such action as he deemed necessary where the Corbett Allen affair [is] concerned." The next day, Powell and the human resources director met with Allen and fired him. The trial court granted Powell's summary judgment motion on Allen's tortious interference claim. The court of appeals concluded that a fact issue existed on willful and intentional interference, and therefore, Powell was not entitled to summary judgment. We disagree.

A defendant may defeat a tortious interference claim on summary judgment by disproving one element of the claim as a matter of law. See Wornick Co. v. Casas, 856 S.W.2d 732, 733 (Tex.1993). The elements of tortious interference with a contract are: (1) the existence of a contract subject to interference; (2) willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss. See ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex.1997). When the defendant is both a corporate agent and

the third party who allegedly induces the corporation's breach, the second element is particularly important. *See Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex.1995). Because a corporate officer's acts on the corporation's behalf usually are deemed corporate acts, a plaintiff must show that the agent acted solely in his own interests. *See ACS Investors*, 943 S.W.2d at 432. The plaintiff must prove that the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense. *See Holloway*, 898 S.W.2d at 798. A corporate officer's mixed motives—to benefit both himself and the corporation—are insufficient to establish liability. *See ACS Investors*, 943 S.W.2d at 432.

█ In addition, when determining whether an agent acted against the corporation's interests, we consider the corporation's evaluation of the agent's actions. *See, e.g., Morgan Stanley & Co. v. Texas Oil Co.*, 958 S.W.2d 178, 181–82 (Tex.1997). A corporation is a better judge of its own best interests than a jury or court. *See Morgan Stanley*, 958 S.W.2d at 181. A principal's complaint about its agent's actions is not conclusive of whether the agent acted against the principal's best interests. However, if a corporation does not complain about its agent's actions, then the agent cannot be held to have acted contrary to the corporation's interests. *See Morgan Stanley*, 958 S.W.2d at 182.

█ Here, Powell argues that summary judgment is proper because the board did not complain about Powell's actions and specifically authorized him to fire Allen. However, the court of appeals held that various board members' conflicting testimony about the board's decision created a material fact issue. In deciding whether a material fact issue exists precluding summary judgment, we take as true evidence favorable to the nonmovant. *See Nixon v. Mr. Property Management*, 690 S.W.2d 546, 549 (Tex. 1985). According to Allen's version of the facts, Allen presented his case at a board meeting, telling the directors about Powell's demands. After Allen left the meeting, the board voted to keep Powell as the C.E.O. and for Powell "to take such action as he deemed necessary where the Corbett Allen affair was

concerned." Even under Allen's version of the facts, the board had an opportunity to complain of Powell's actions and chose not to do so. Therefore, Powell cannot be held to have acted contrary to Powell Industries' interests. *See Morgan Stanley*, 958 S.W.2d at 182.

In addition, the board specifically granted Powell authority to handle the "Allen affair" as he "deemed necessary" after Allen presented his case to them. The board's approval of Powell's actions, while not necessary to negate an element of Allen's claim, reinforces why Allen's claim does not fit under the rubric of tortious interference. To hold Powell liable for actions to which the board gave its informed consent, would subvert the basic principle that "the person who induces the breach cannot be a contracting party." *See Holloway*, 898 S.W.2d at 795.

█ Finally, while Powell may have benefitted by firing Allen, the mere existence of a personal stake in the outcome is insufficient to show that the defendant committed an act of willful or intentional interference. *See Holloway*, 898 S.W.2d at 796. Allen did not adduce summary judgment evidence that Powell acted *only* in his own interest and against the company's interest. Therefore, Allen's claim of tortious interference with the company's contract fails. *See Holloway*, 898 S.W.2d at 796.

Accordingly, without hearing oral argument, the Court grants Powell's petition for review. *See* TEX. R. APP. P. 59.1. Because Powell was entitled to summary judgment on the tortious interference claim, we reverse that part of the court of appeals' judgment and render that Allen take nothing against Powell on that claim. Otherwise, we affirm the court of appeals' judgment.