TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON MOTION FOR REHEARING









NO. 03-99-00028-CV






James Wegner, Appellant



v.



Dell Computer Corporation and Ken Hashman, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT


NO. 98-03154, HONORABLE MARGARET COOPER, JUDGE PRESIDING 







 We withdraw our original opinion and judgment issued July 15, 1999, and
substitute this one in its place.

 James Wegner, appellant, appeals from a summary-judgment order favoring Dell
Computer Corporation ("Dell") and Ken Hashman, appellees. Wegner sued Dell claiming
wrongful termination based on breach of contract and violation of public policy. Wegner also sued
Hashman, his supervisor at Dell, claiming Hashman tortiously interfered with his employment
contract. The trial court granted Dell's special exception to Wegner's breach of contract claim
based on public policy and rendered summary judgment against Wegner on his remaining claims. 
Wegner appeals, arguing in four points of error that the trial court erred in rendering summary
judgment on his causes of action and abused its discretion by both denying Wegner's motion to
continue the summary judgment hearing and granting Dell's special exception. We will affirm in
part and reverse and remand in part the judgment of the trial court.


BACKGROUND

 In the spring of 1993, Wegner accepted employment with Dell. From 1993 until
1997, the record indicates that Dell and Wegner viewed their employment relationship positively. 
Dell awarded Wegner numerous stock option and bonus opportunities. However, by September
1997, the employment relationship had deteriorated. Dell placed Wegner on a ninety-day
"Performance Improvement Plan" to address deficiencies in his job performance. Subsequently,
Hashman, Wegner's supervisor, terminated Wegner before he completed the probationary period.

 In his wrongful termination suit against Dell, Wegner alleged Dell breached his
employment contract. In addition, Wegner alleged Dell violated public policy by terminating him
to prevent his collection of "soon-to-mature" stock options. He also sued Hashman, alleging
Hashman tortiously interfered with his employment contract. Dell answered that Wegner was an
at-will employee and, as such, could be fired with or without cause, and that Hashman, as its
agent, could not, as a matter of law, tortiously interfere with Wegner's employment contract. Dell
also specially excepted to Wegner's allegation of a public policy violation on the ground that such
a violation had no basis in law. The trial court sustained this special exception. Dell and
Hashman then moved for, and were granted, summary judgment. In four points of error, Wegner
claims that the trial court erred: (1) by granting summary judgment on Wegner's breach of
contract claim against Dell because a material question existed as to whether Wegner's
employment contract was for a specified period of time, thereby requiring good cause for
termination; (2) by awarding summary judgment to Hashman on Wegner's claim of tortious
interference; (3) by not granting Wegner's motion to continue the summary judgment hearing; and
(4) by granting Dell's special exception dismissing Wegner's claim of wrongful discharge based
on public policy.


DISCUSSION

 Wegner's first two points of error argue that the trial court erred in granting
summary judgment. Summary judgment is proper only if Wegner could not succeed as a matter
of law on any claim pleaded. See Delgado v. Burns, 656 S.W.2d 428, 429 (Tex. 1983). In
reviewing the trial court's grant of summary judgment in this case, the standards for review are
well established: (1) Dell has the burden of demonstrating that no genuine issue of material fact
exists and is thus entitled to judgment as a matter of law; (2) in deciding if there is a disputed
material fact that would preclude summary judgment, the evidence favorable to Wegner will be
taken as true; and (3) every reasonable inference must be indulged in favor of Wegner and any
doubt resolved in his favor. See Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985).


Breach of Contract

 Wegner argues in his first point of error that his employment contract with Dell was
for a specified term, not at will, and that the trial court improperly granted summary judgment to
Dell. We disagree. All employment relationships in Texas are presumed at will unless there is
a specific agreement to the contrary. Montgomery County Hosp. Dist. v. Brown, 965 S.W.2d 501,
502 (Tex. 1998); Federal Express Corp. v. Dutschmann, 846 S.W.2d 282, 283 (Tex. 1993). 
Employment at will may be terminated with or without cause. Montgomery County, 965 S.W.2d
at 502; Byars v. City of Austin, 910 S.W.2d 520, 523 (Tex. App.--Austin 1995, writ denied)
(citing Federal Express, 846 S.W.2d at 283). Any modification of at-will employment must be
based upon an unequivocal statement by the employer not to terminate the employee except under
clearly specified circumstances. Id. One cannot imply such a modification; it must be done
expressly. Byars, 910 S.W.2d at 523.

 Dell argues that the instant cause presents the typical case for the application of
Texas's employment-at-will doctrine. Dell points out that, not only was there no express or
specific agreement between Dell and Wegner that he was anything other than an at-will employee,
but, in addition, Dell explicitly informed Wegner of his at-will status on numerous documents
signed by Wegner:



 Wegner's application for employment: "I understand and agree that my
employment is for no definite period and may, regardless of the date or interval
of payment of my wages or salary, be terminated at any time without any
previous notice or obligation on the part of the company";


 


 Wegner's employment agreement which accompanied Dell's offer of
employment: "My employment at Dell is for no specified period of time. 
Either I or Dell may terminate my employment at any time for any reason, with
or without cause";


 


 Wegner's stock option agreements of August 24 and November 22, 1993, and
March 2, 1994: "This agreement and the option granted do not imply that your
employment with [Dell] will continue for any specified period of time";


 


 Wegner's Performance Improvement Plan: "This is not a guarantee that your
employment with Dell will be continued through this ninety (90) day time
frame, since Dell retains its usual right to terminate employment at any time for
any lawful reason."



Dell argues that these signed statements evidence Wegner's at-will status and the lack of a
contractual agreement for a specified term. Dell further argues that since this was an employment-at-will relationship, Montgomery County clearly governs this case and Dell remained free to
discharge Wegner with or without cause.

 Wegner counters that these employment documents create a fact dispute as to
whether he and Dell had a contractual relationship for a specified period of time. Wegner urges
that we interpret the initial letter from Dell offering employment as an offer for a one-year
employment contract, which was subsequently renewed through Dell memoranda. (1) Wegner
specifically relies on the following communications from Dell to create a contract for a specified
term: language in his offer letter notifying him that he would be eligible for an annual bonus;
additional language in his offer letter notifying him that he would receive a signing bonus and
moving expense reimbursement, both contingent upon remaining in Dell's employ for at least one
year; language in the stock option offerings and agreements notifying him that such purchases
could be made incrementally over a number of years; memos from Dell management announcing
that Wegner would be eligible for fiscal-year bonus programs; and, language in the Performance
Improvement Plan which informed Wegner that the Improvement Program was ninety days in
duration.

 In support of his contention that the initial offer of employment created a one-year
contract, Wegner directs this Court to Dallas Hotel Co. v. Lackey, 203 S.W.2d 557 (Tex. Civ.
App.--Dallas 1947, writ ref'd n.r.e.). In Lackey, the court held that a letter from Dallas Hotel 
offering employment to the plaintiff constituted a one-year employment contract. Id. at 559. 
After moving to Dallas, plaintiff was presented with and signed an employment agreement
containing employment-at-will language; this was the first mention of such an arrangement by the
employer. The court found that the parties manifested their intent to form a contract for one year
based on the contents of the initial offer letter. Id. at 561-62. While the letter was silent as to the
duration of employment, it contained a guarantee of a bonus at the end of the first year; the court
found that this guarantee provided the duration element of the employment contract. Id. The
court found the parties mutually intended a one-year employment contract based on the letter;
because the letter specifically outlined the nature of their employment relationship, it controlled
over the general language of the company's generic employment agreement. Id. at 561.

 Wegner relies on language in his offer of employment that refers to his eligibility
for an annual bonus to bring this case within the holding of Lackey. But his reliance on Lackey
is misplaced; the present case is clearly distinguishable. The plaintiff in Lackey was guaranteed
a bonus at the end of his first year of employment. Id. at 559. Wegner was merely informed in
the offer letter that he would be eligible for such a bonus. Dell never guaranteed Wegner a bonus. 
As for the signing bonus and moving expense reimbursement, they were contingent on Wegner
remaining in Dell's employ for one year; such an offer cannot be read as a guarantee. See
Montgomery County, 965 S.W.2d at 502; see also Byars, 910 S.W.2d at 523. Far from
manifesting an intent to form a one-year employment contract, Dell provided explicit and
unambiguous documentation of its intention to hire Wegner as an at-will employee. Dell notified
Wegner of its intention on the application for employment, before Wegner ever received the offer
letter. Dell again notified Wegner of his at-will status through the employment agreement
included with the offer letter. There exists no evidence that Dell ever manifested an intent to
create a binding employment contract for a specified term, and, thus, we find Lackey inapposite
to the present situation.

 We now examine the specificity of the statements upon which Wegner relies as the
basis for his alleged contract. An employer can only modify the employment-at-will relationship
by specific, express statements. Montgomery County, 965 S.W.2d at 502; Byars, 910 S.W.2d at
523. Indefinite assurances, encouragements, and comments cannot be the basis of a formal
agreement limiting the at-will status of an employee. Montgomery County, 965 S.W.2d at 502. 
There is nothing sufficiently definite in any of the statements relied upon by Wegner to satisfy this
legal requirement. In addition, most of the vague statements relied upon by Wegner are contained
in documents that explicitly and unambiguously affirm his status as an at-will employee; such
statements cannot be the basis of a contract of employment for a specified term. See Hurt v.
Standard Oil Co., 444 S.W.2d 342, 346 (Tex. Civ. App.--El Paso 1969, no writ) (plaintiff cannot
rely on parts of documents making vague assurances of job security while disregarding parts of
the same documents unfavorable to his position). The remaining statements upon which Wegner
relies, namely the letters informing him of his participation in fiscal-year bonus plans, are far too
indefinite to constitute the clear, specific, and express statements required for an employer to
modify the employment at-will relationship. See Montgomery County, 965 S.W.2d at 502; see
also Byars, 910 S.W.2d at 523.

 We find that Wegner failed, as a matter of law, to raise a material question of fact
that he was anything more than an at-will employee of Dell. However, a fact issue does remain
as to whether Dell fired Wegner for cause. Wegner argues that he is entitled to several fringe
benefits absent his being terminated for cause. (2) The employment agreement issued by Dell and
signed by Wegner states:


Should Dell terminate my employment, unless for cause, it may do so effective
after two weeks notice, or effective immediately if Dell pays severance
compensation equal to two weeks of my basic salary or wages. Termination for
cause may be effective immediately without payment of any compensation.



After reviewing the record, we cannot say in a summary judgment context, that Dell terminated
Wegner for cause as a matter of law. Therefore, we overrule Wegner's first point of error as to
his at-will employment status, but sustain the point insofar as it raises a fact issue concerning
severance compensation.


Tortious Interference

 Wegner next asserts as error the trial court's grant of summary judgment on his
tortious interference claim. Hashman is entitled to summary judgment if he disproves one element
of the claim as a matter of law. See Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex.
1998). The elements of tortious interference with a contract are: (1) the existence of a contract
subject to interference; (2) willful and intentional interference; (3) interference that proximately
caused damage; and (4) actual damage or loss. Id. Hashman, as an agent of Dell, argues that
Wegner cannot prove as a matter of law the "willful and intentional interference" element of
tortious interference. To satisfy this element for the purpose of summary judgment, Wegner must
raise a material question of fact that Hashman acted solely in his own interest, disregarding the
interests of Dell. See id. at 457. Mixed motives seeking to further both corporate and personal
interests are insufficient to establish liability. See id. In considering this issue, we look to the
corporation's evaluation of the agent's actions. See id. Since Dell has not complained of
Hashman's behavior in placing Wegner on a Performance Improvement Plan and subsequently
firing him, Hashman cannot be held to have acted contrary to Dell's interest. See id. In fact, Dell
has actively defended Hashman's actions. Wegner fails to raise a material issue of fact that
Hashman willfully and intentionally interfered with his employment contract; Hashman was
therefore entitled to summary judgment. Accordingly, we overrule Wegner's second point of
error.


Abuse of Discretion

 Wegner's remaining two points of error charge that the trial court abused its
discretion in granting a special exception and overruling Wegner's motion for continuance. An
abuse of discretion takes the form of an arbitrary and unreasonable use of discretion by the trial
court where the trial court acted without regard to any guiding rule or principle. E.I. du Pont de
Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995); Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 241-43 (Tex. 1985). In determining whether the trial court
abused its discretion, this Court will not simply substitute its own judgment for that of the trial
court. See Downer, 701 S.W.2d at 241-43.

 In his fourth point of error, Wegner argues that the trial court abused its discretion
by granting Dell's special exception; he argues that Texas law recognizes an exception to the
employment-at-will doctrine based on the public policy against terminating employees to prevent
them from collecting various corporate benefits. However, as the law currently stands, there
exists only one exception to the employment-at-will doctrine in Texas--discharge of an employee
for refusing to commit an illegal act. See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735
(Tex. 1985). Wegner relies on McClendon v. Ingersoll-Rand Co. in support of his contention that
his situation represents an additional exception to the employment-at-will doctrine. 779 S.W.2d
69, 70-71 (Tex. 1989) (employees can recover if principal reason for discharge was employer's
desire to avoid paying pension benefits), rev'd, 498 U.S. 133 (1990) (holding this cause of action
preempted by the Employee Retirement Income Security Act of 1974), opinion withdrawn on
remand, 807 S.W.2d 577 (Tex. 1991). Wegner's reliance on McClendon is not persuasive. The
Texas Supreme Court has withdrawn its McClendon opinion on remand. See McClendon, 807
S.W.2d at 577. Additionally, this Court has since held that Sabine Pilot remains the only
exception to the employment-at-will doctrine. See Doe v. Smithkline Beecham Corp., 855 S.W.2d
248, 254 (Tex. App.--Austin 1993), aff'd as modified, 903 S.W.2d 347 (1995).

 The record presents no claim that Dell discharged Wegner for refusing to engage
in criminal activity; thus, the Sabine Pilot exception to the employment-at-will doctrine does not
apply to the present case. In reviewing the grant of Dell's special exception by the trial court, we
note that the trial court correctly applied the law. The trial court has broad discretion in ruling
on special exceptions, and its ruling will not be disturbed absent an abuse of discretion. Slentz v.
American Airlines, Inc., 817 S.W.2d 366, 368 (Tex. App.--Austin 1991, writ denied). We cannot
say that in applying the law, the trial court acted arbitrarily or without reference to any guiding
principle. Therefore, we overrule Wegner's fourth point of error.

 Wegner's third point of error claims that the trial court abused its discretion in not
granting him a continuance of the summary-judgment hearing. Denial of a motion to continue a
proceeding will not be overturned absent a clear abuse of discretion. Villegas v. Carter, 711
S.W.2d 624, 626 (Tex. 1986); Roob v. Von Beregshasy, 866 S.W.2d 765, 767 (Tex.
App.--Houston [1st Dist.] 1993, writ denied). Wegner cites no violations of either law or court
procedure that would indicate that the trial court acted arbitrarily or without regard to any guiding
principle, and the record does not indicate any such arbitrary action by the trial court. 
Accordingly, we overrule Wegner's third point of error.


CONCLUSION

 Under Texas law, Wegner was an at-will employee as a matter of law. However,
because a fact issue remains as to whether Wegner was terminated for cause, we reverse that
portion of the take-nothing judgment regarding the question of termination for cause and any
commensurate benefits, and remand to the trial court for further proceedings. The judgment is
in all other respects affirmed.



 

 Mack Kidd, Justice

Before Justices Jones, Kidd and Patterson

Affirmed in Part; Reversed and Remanded in Part

Filed: August 26, 1999

Do Not Publish

1. Wegner argues that the contract formed by his offer of employment was renewed yearly,
either impliedly by Dell's silence or explicitly by Dell's letters announcing Wegner's eligibility
for fiscal-year bonus programs. Wegner further argues that this contract, as renewed, entitled him
to employment with Dell until February 1, 1998. Additionally, Wegner argues that since stock
options announced in his initial offer of employment were to mature on April 5, 1998, he was
entitled to either employment until that date or the award of those options. Due to our disposition
of the case, we need not reach these arguments.
2. Dell argues that Wegner's pleadings are insufficient to support his claim for severance pay. 
After reviewing the pleadings, we find them sufficiently specific to put Dell on notice regarding
this claim. See Boyles v. Kerr, 855 S.W.2d 593, 601 (Tex. 1993) ("A petition is sufficient if a
cause of action or defense may be reasonably inferred from what is specifically stated.").


ting Dell's special exception; he argues that Texas law recognizes an exception to the
employment-at-will doctrine based on the public policy against terminating employees to prevent
them from collecting various corporate benefits. However, as the law currently stands, there
exists only one exception to the employment-at-will doctrine in Texas--discharge of an employee
for refusing to commit an illegal act. See Sabine Pilot Serv., Inc. v. Hauck, 687 S.W.2d 733, 735
(Tex. 1985). Wegner relies on McClendon v. Ingersoll-Rand Co. in support of his contention that
his situation represents an additional exception to the employment-at-will doctrine. 779 S.W.2d
69, 70-71 (Tex. 1989) (employees can recover if principal reason for discharge was employer's
desire to avoid paying pension benefits), rev'd, 498 U.S. 133 (1990) (holding this cause of action
preempted by the Employee Retirement Income Security Act of 1974), opinion withdrawn on
remand, 807 S.W.2d 577 (Tex. 1991). Wegner's reliance on McClendon is not persuasive. The
Texas Supreme Court has withdrawn its McClendon opinion on remand. See McClendon, 807
S.W.2d at 577. Additionally, this Court has since held that Sabine Pilot remains the only
exception to the employment-at-will doctrine. See Doe v. Smithkline Beecham Corp., 855 S.W.2d
248, 254 (Tex. App.--Austin 1993), aff'd as modified, 903 S.W.2d 347 (1995).

 The record presents no claim that Dell discharged Wegner for re