**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-20041

Summary Calender

KADCO CONTRACT; ECT: ET AL,

Plaintiffs,

KADCO CONTRACT DESIGN CORPORATION,
NICHOLAS ENGINEERING INC.,

Plaintiffs-Appellants,

VERSUS

THE DOW CHEMICAL CORPORATION;
KELLY SERVICES, INC.,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Texas
(H-96-CV-3684)

October 4, 1999

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

Appellants, Kadco Contract Design Corporation and Nicholas Engineering, Inc., appeal from the lower court's order granting summary judgment in favor of appellee, Kelly Services, Inc.

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

I.   BACKGROUND

Appellants and Appellees are both temporary employment agencies.  Appellants had been engaged in a contract with Dow Chemical Corporation ("Dow") to supply temporary employees, such as engineers.  The employees were employed by the Appellants, and not by Dow directly, on a "per-hour" basis and were assigned to work at Dow as a client of the Appellants.

In 1996, in order to cut costs, Dow decided to hire all future temporary employees from Appellees rather than the Appellants.  Appellees then hired several of the temporary employees who had been employed by the Appellants and assigned to work at Dow in order that they may continue working at Dow under the employ of Appellees rather than the Appellants.

Appellants filed suit in the 80th District Court of Harris County  on September 30, 1996 alleging tortious interference of contract on the part of Appellees and conspiracy to commit tortious interference of contract on the part of the Appellees and Dow. Kelly properly removed the case to the Southern District of Texas on October 28, 1996 based on diversity jurisdiction at which time the Appellees removed Dow as a named defendant.  The District Court granted summary judgment in favor of the Appellees on November 18, 1998.


II.  STANDARD OF REVIEW

A district court's decision of a question of state law is subject to de novo review by this court.  Salve Regina College v.

Russell, 499 U.S. 225, 231, 113 L. Ed. 2d 190, 111 S. Ct. 1217 (1991).  A summary judgment ruling is also reviewed de novo, applying the same criteria employed by the district court. Conkling v. Turner, 18 F.3d 1285, 1295 (5th Cir. 1994).

III. DISCUSSION

A party is entitled to summary judgment if (1) there are no genuine issues of material fact and (2) the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The district court granted summary judgment to the Appellees. Appellants argue on appeal that Appellees are not entitled to judgment as a matter of law because:

(1) the Appellants made a prima facie case of tortious interference with an at-will employment contract;

(2) the Appellants made a prima facie case of tortious interference with a covenant not to compete; and

(3) the Appellees have not met their burden of production with respect to the affirmative defense of justification.

A.   Tortious Interference With At-Will Employment Contract

Under Texas law, the elements of tortious interference of contract are (1) a contract subject to interference exists; (2) the alleged act of interference was willful and intentional (3) the willful and intentional act proximately caused damage; and (4) actual damage or loss occurred.  See Powell Indus. v. Allen, 985 S.W.2d 455 (Tex. 1998) (per curiam).  It appears clear that an at-

will employment contract is a lawful contract subject to interference. See Sterner v. Marathon Oil Co., 767 S.W.2d 686 (Tex. 1989). Elements three and four are not disputed. Thus, only element (2) is discussed below.

It is undisputed that the alleged interference with Appellants' employment contracts was intentional. Appellees claim, however, that element (2) requires that the willful or intentional interference also be wrongful. Appellee's argument misstates the law, however. Relying on persuasive authority only, appellees point to rulings in which interference which was not "wrongful" was held not to constitute a tort. See, e.g., C.E. Services, Inc. v. Control Data Corp., 759 F.2d 1241 (5th Cir. 1985), Caller-Times Publishing Co., Inc. v. Triad Communications, Inc., 855 S.W.2d 18 (Tex. App. - Corpus Christi 1993). This argument attempts to shift the burden of proving the "wrongful" nature of the act to the plaintiff as an element of the prima facie case. Texas appears to have rejected this approach, however, and has determined that whether the act was wrongful or not (i.e., justified) is not an element of the prima facie case of tortious interference of contract, but rather an affirmative defense. See ACS Investors Inc. v. McLaughlin, 943 S.W.2d 426 (Tex. 1997). Thus, Appellants have stated a prima facie case of tortious interference with contract under Texas law.

B.   Tortious Interference With Covenant Not to Compete

In order to make a prima facie case of tortious interference

of contract, there must be a contract subject to interference. Sterner, 767 S.W.2d at 689. Under Texas Law, a covenant not to compete is valid and enforceable only if it (1) is ancillary to an otherwise enforceable contract and (2) does not impose any greater restraint than necessary to protect the goodwill of the business (i.e., limited by geography, time, etc.). Texas Bus. & Com. Code Ann. § 15.50 (Vernon Supp. 1998). A covenant fails this test, however, if it is ancillary solely to an at-will employment agreement because any future consideration provided for in the agreement is illusory. See Light v. Centel Cellular Co. of Texas, 883 S.W.2d 642, 644 (Tex. 1994).

Applying Light, the district court held that there was not an enforceable covenant not to compete in the Appellants' employment contracts. Analyzing the employment contracts used by the Appellants, the district court found only one element of consideration other than at-will employment -- a requirement to return all uniforms and equipment to Dow. The district court held that this was not sufficient to make the covenant not to compete "ancillary" to the contract and thus was invalid under Texas law. We agree with this analysis and find that the covenant not to compete was not enforceable under Texas law. See Light, 883 S.W.2d at 647.

Appellants argue that despite the unenforceabilty of the covenant not to compete, Appellees are still not entitled to judgment as a matter of law, citing authority holding that there can be tortious interference with an unenforceable contract. See,

e.g., <u>Clements v. Withers</u>, 437 S.W.2d 818 (Tex. 1969) (finding tortious interference with a contract unenforceable due to the statute of frauds). However, the Texas Supreme Court and this Circuit have rejected this argument in the past. See <u>Travel Masters, Inc. v. Star Tours, Inc.</u>, 827 S.W.2d 830, 832 (Tex. 1991), <u>NCH Corp. v. Share Corp.</u>, 757 F.2d 1540 (5th Cir. 1985) (applying Texas law). Accordingly, we agree with the district court and hold that there has been no tortious interference with the covenant not to compete because it was unenforceable under Texas law and thus summary judgment was proper with respect to this claim.

## C. Affirmative Defense of Justification

Efforts to induce someone to exercise their rights to dissolve a contract do not constitute tortious interference of contract because the efforts are justified. See <u>ACS Investors, Inc.</u>, 943 S.W.2d at 430. Efforts are justified if (1) the relationship concerns a matter involved in the competition between the actor and the other (2) the actor does not employ wrongful means (3) his action does not create or continue unlawful restraint of trade and (4) his purpose is at least in part to advance his interest in competing with the other. See <u>Caller-Times</u>, 855 S.W.2d at 21 (citing Restatement (Second) of Torts § 768(1)). Efforts are wrongful if they involve physical violence, fraud, civil suits and criminal prosecutions, but not limited economic pressure. <u>Id</u>. However, the mere fact that an employment contract is at-will is not an absolute defense to the tort of interference with contract.

<u>Sterner</u>, 767 S.W.2d at 689.

Appellants rely heavily on <u>Sterner</u> for the proposition that merely inducing a party to terminate employment under an at-will employment contract is tortious interference of contract. Appellants overstate the scope of <u>Sterner</u> however. In applying Texas law, this Circuit has held that <u>Sterner</u> stands for the proposition that a third party (in this case Dow) could not force a temporary employment agency (here the Appellants) to fire an employee altogether rather than just have the employee reassigned; the former constituting tortious interference of contract and the latter not. See <u>DBI v. Amerada Hess</u>, 907 F.2d 506 (5th Cir. 1990). <u>Sterner</u> does not change the rule that mere economic inducement to exercise rights under a contract (i.e, by offering superior employment) does not constitute tortious interference of contract. See <u>C.E. Services, Inc.</u>, 759 F.2d at 1248.

This court has recently addressed a case with strikingly similar facts under an <u>Erie</u> guess as to Louisiana law, finding that such acts do not constitute tortious interference of contract. <u>Huffmaster v. Exxon Co.</u>, 170 F.3d 499 (5th Cir. 1999). In <u>Huffmaster</u>, a temporary agency had a contract with a client. The client decided to change temporary agencies and the new agency hired several of the employees of the old agency to continue working at the client. This court held that the offer of employment by the new agency did not constitute tortious interference of contract because a competitive offer of employment is justified competition and thus an affirmative defense to the

tort of interference with contract. Huffmaster is persuasive authority with respect to this similar scenario under Texas law because it was decided under the assumption that Louisiana law would follow the Restatement and Texas has actually adopted the Restatement definition of tortious interference of contract. See, e.g., Sterner, 767 S.W.2d at 689; Caller-Times, 855 S.W.2d at 23.

In the present case, Appellees offered to hire the at-will employees and assign them to the same positions at Dow they held with Appellants. If the employees did not accept this offer then they would remain employed with the Appellants, be reassigned to different clients and thus no longer work at Dow. However, this is not the Hobson's choice Appellants make it out to be; the employees were not faced with the choice of accepting Appellees' offer or becoming unemployed. Rather, they could have remained employed with the Appellants and been reassigned to a different client. Unlike Sterner, the Appellees were not attempting to force the Appellants to fire their employees -- they merely induced the employees to exercise their rights under the at-will employment contracts. Accordingly, we find that, as in Huffmaster, the Appellees have met their burden in proving the affirmative defense of justification and thus were entitled to judgment as a matter of law.

IV. CONCLUSION

For the foregoing reasons, we AFFIRM the holding of the district court.

EMILIO M. GARZA, Circuit Judge, concurs as to the judgment only.