**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-20989
Summary Calendar

ELAINE MARTIN,

Plaintiff-Appellant,

VERSUS

THE KROGER COMPANY; CHARLES HEMBREE,

Defendants-Apellees,

Appeal from the United States District Court
For the Southern District of Texas

June 23, 2000

Before JOLLY, DAVIS, and EMILIO M. GARZA, Circuit Judges.

DAVIS, Circuit Judge:[*]

This is an appeal from the district court's entry of summary judgment dismissing Plaintiff Elaine Martin's claims against the Kroger Corporation and Charles Hembree, a Kroger employee. In her

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

complaint, Martin alleged that Kroger and Hembree violated the Texas Labor Code by committing sex discrimination, race discrimination, unlawful retaliation, negligent retention, and several wage and hour violations. Martin also asserted causes of action against Hembree for intentional infliction of emotional distress and tortious interference with existing and prospective business relations. The district court entered summary judgment disposing of all of Martin's claims. She appeals, arguing that: (1) the district court lacked subject matter jurisdiction and (2) the district court erred in granting summary judgment despite the presence of substantial issues of material fact. For the reasons that follow, we affirm the judgment of the district court.

I.

Kroger is a retail grocery chain with a number of stores in the Houston, Texas area. Elaine Martin, a black female, worked as an engineer for Kroger between 1993 and 1998. She was the only female and only black engineer who worked under the supervision of Charles Hembree, a white manager. Martin had never worked as an engineer prior to her employment with Kroger and frequently received mediocre evaluations, often stressing her lack of leadership skills and suggesting that she learn more about the technical aspects of her job.

Martin alleges that during her tenure with Kroger, she witnessed a number of employees, including Hembree, make derogatory statements about women and minorities. She also contends that

2

Hembree criticized her work and favored white employees. She states that she complained to Hembree but he did nothing to alleviate these problems. She further alleges that Hembree wrongfully placed her on probation, and ultimately terminated her, because she complained about the way Kroger treated minority employees and subcontractors. Finally, she contends that Hembree provided a negative reference for her, which precluded her from gaining employment with H.E.B. grocery stores.

Martin filed a complaint with the EEOC but chose to pursue in court only the state-law claims. Kroger and Hembree removed the case, claiming diversity jurisdiction under 28 U.S.C. § 1332 and alleging that Martin had fraudulently joined Hembree. Martin neither filed a motion to remand nor otherwise opposed the removal.

Kroger and Hembree moved for summary judgment on all claims. Prior to the summary judgment hearing, Martin voluntarily dismissed her claims for negligent retention and hiring, Texas wage and hour violations, and intentional infliction of emotional distress. The district court entered summary judgment against the remaining claims.

## II.

Martin argues that the district court lacked subject matter jurisdiction to hear this case because this case does not involve a federal question and because the parties were not completely diverse. She explains that complete diversity does not exist because both she and Hembree are citizens of Texas.

Kroger contends that Martin fraudulently joined Hembree in order to defeat diversity jurisdiction. They argue that Martin failed to establish any possibility that she could prevail on any of her causes of action against Hembree -- sex and race discrimination, intentional infliction of emotional distress, or tortious interference with existing and prospective business relations.

Although Martin neither filed a motion to remand nor otherwise challenged jurisdiction prior to her appeal, "a party may neither consent to nor waive federal subject matter jurisdiction. Federal courts may examine the basis of jurisdiction sua sponte, even on appeal." Simon v. Wal-Mart Stores, Inc., 193 F.3d 848, 850 (5th Cir. 1999); Baris v. Sulpicio Lines, Inc., 932 F.2d 1540, 1546 (5th Cir. 1991)("It is beyond doubt that although the parties can waive defects in removal, they cannot waive the requirement of original subject matter jurisdiction – in other words, they cannot confer jurisdiction where Congress has not granted it.").

In reviewing a district court's exercise of removal jurisdiction, we generally consider whether the district court had jurisdiction at the time of removal. Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993). However, "an alternative standard governs those situations where, after improper removal, a case is tried on the merits without objection, and the federal court enters judgment." Kidd v. Southwest Airlines, 891 F.2d 540, 546 (5th Cir. 1990). In those circumstances, "the appellate court must review the pleadings

4

as they exist at the time that the district court enters judgment," rather than at the time of removal. Id. Because Martin failed to contest jurisdiction prior to the district court's entry of judgment, we consider only the claims in controversy when the district court entered its verdict -- discrimination/retaliation and interference with current/prospective business relations.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000 and where every plaintiff is from a different state as every defendant. See 28 U.S.C. § 1332; Strawbridge v. Curtiss, 7 U.S. 267 (1806). A plaintiff may not, however, "fraudulently join" a defendant in order to defeat diversity. See Jerrigan v. Ashland Oil, Inc., 989 F.2d 812, 817 (5th Cir. 1993). In order to demonstrate that Martin has fraudulently joined Hembree, Kroger must demonstrate either "outright fraud in the plaintiff's recitation of jurisdictional facts or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court." Rodriguez v. Sabatino, 120 F.3d 589, 591 (5th Cir. 1997).

In analyzing a claim of fraudulent joinder, this Court applies "a summary-judgment like procedure" and may consider "summary judgment-type evidence such as affidavits and deposition testimony." Griggs v. State Farm Lloyds, 181 F.3d 694, 700 (5th Cir. 1999). We must "evaluate all of the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving all contested issues of substantive

5

fact in favor of the plaintiff[,] and examine relevant state law and resolve all uncertainties in favor of the non-removing party." Rodriguez, 120 F.3d at 591. We do not consider "whether the plaintiff will actually or even probably prevail on the merits of the claim" but instead "look only for a possibility that the plaintiff may do so." Id. As such, we will consider each of Martin's claims in turn.

Martin's primary claim against Hembree is for race and sex discrimination and retaliation under the Texas Commission on Human Rights Act ("TCHRA"). After reviewing the pleadings and relevant case law, we conclude that there is no possibility that Martin will prevail on this claim. Martin's claims against Hembree arise solely from his actions as a supervisory employee of Kroger, however, [s]upervisors and managers . . . are not liable under the Texas Human Rights Act in their individual capacity for their alleged acts of discrimination." DeMoranville v. Specialty Retailers, Inc., 909 S.W.2d 90, 94 (Tex. App. 1995)(reversed on other grounds); accord City of Austin v. Gifford, 824 S.W.2d 735, 742 (Tex. App. 1992)("The Act does not create a cause of action against supervisors or individual employees"); Thompson v. City of Arlington, 838 F. Supp. 1137, 1153 (N.D. Tex. 1993). Individual employees, even those with supervisory authority, do not fall within the TCHRA's definition of "employer." See Tex. Lab. Code § 21.002(8)(A)(defining "employer"). Accordingly, Martin's TCHRA claims against Hembree cannot provide the basis for diversity

6

jurisdiction.

Martin also alleges that Hembree tortiously interfered with her current business relationship with Kroger and her prospective business relationship with H.E.B. The district court entered summary judgment against both of these claims, finding that Martin failed to present a prima facie case of either tortious interference with a current business relationship or tortious interference with a prospective business relationship.

To the extent that Martin's tortious interference claims simply repackage her discrimination/retaliation claims, they are foreclosed by the TCHRA. As courts have explained, the "TCHRA provides the exclusive state-law means for redress of employment discrimination and preempts claims for discrimination brought under other state-law theories" see Cook v. Fidelity Investments, 908 F.Supp. 438, 442 (N.D. Tex. 1995). To the extent that Martin's tortious interference claims stand on their own, they are insufficient as a matter of law.

In order to make out a claim of tortious interference with a contract, the plaintiff must demonstrate: "(1) the existence of a contract subject to interference; (2 )willful and intentional interference; (3) interference that proximately caused damage; and (4) actual damage or loss." Powell Indus., Inc. v. Allen, 985 S.W.2d 455, 456 (Tex. 1998). Where the plaintiff alleges that an agent of her current employer has interfered with her contract with that employer, the plaintiff must establish that "the agent acted

7

willfully and intentionally to serve the agent's personal interets at the corporation's expense." Id. at 457. "A corporate officer's mixed motives -- to benefit both himself and the corporation -- are insufficient to establish liability." Powell Indus., Inc. v. Allen, 985 S.W.2d 455 (Tex. 1998). Furthermore, "if a corporation does not complain about it's agents actions, then the agent cannot be held to have acted contrary to the corporation's interests." Id.

Martin has failed to allege any facts suggesting that Hembree interfered with her relationship with Kroger. In her affidavit, Martin avers only that Hembree failed to control the racist environment, that he stated that he had grown up thinking it was acceptable to refer to blacks as "niggers," and that she had heard that Hembree was racist and would try and get rid of her. In her deposition, Martin stated that Hembree tortiously interfered with her relationship with Kroger because: "he allowed Terry [Hillebrandt's] demeaning behavior to continue even when, you know, I would come – I felt so neglected, out of place in the engineering department once I filed a charge. . . . We didn't socialize. And so – and I feel that . . . someone talked to the engineers. The engineers didn't want to socialize and talk to me about anything. . . ." Martin simply has not stated any basis for tortious interference with a current contract apart from the race/retaliation claims. Furthermore, Martin has never alleged that Hembree terminated her employment because of his own personal

interests, rather than the interests of Kroger. Nor has she alleged that Kroger expressed displeasure with Hembree's decision to terminate her. Accordingly, there is no possibility that Martin could succeed on her claim for tortious interference with a current business relationship.

Similarly, there is no possibility that Martin will prevail on her claim for tortious interference with a prospective business relationship. In order to prove a cause of action for interference with a prospective contract under Texas law, the plaintiff must show that: (1) there was a reasonable probability that the plaintiff would have entered into a contractual relationship; (2) the defendant committed a malicious and intentional act that prevented the relationship from occurring, with the purpose of harming the plaintiff; and (3) actual harm or damage resulted from the defendant's interference. See Gaia Technologies, Inc. v. Recycled Products Corp., 175 F.3d 365, 377 (5th Cir. 1999)(citing Texas case law). "It is not necessary to prove that the contract certainly would have been made but for the interference; it must be reasonably probable, considering all of the facts and circumstances attendant to the transaction." Hill v. Heritage Resources, Inc., 964 S.W.2d 89, 109 (Tex. App. 1997). However, "[m]ore than mere negotiations must have taken place." Id.

Martin has not alleged any facts suggesting that she and H.E.B. had even entered into discussions concerning employment, let alone that her employment with H.E.B. was "reasonably probable."

Martin alleges simply that she had a "pre-interview" with an H.E.B. human resources representative, that the representative told her that they needed to check out her references, and that ultimately H.E.B. did not hire her. Furthermore, Martin failed to allege in her complaint that she was reasonably likely to obtain employment but for Hembree's actions. Finally, Martin conceded in her deposition that "I have no evidence that [Hembree] talked to H.E.B." and that "I have no evidence or facts" suggesting that anyone at Kroger spoke to H.E.B. Even "[c]onstruing, as we must, all disputed facts in the plaintiff's favor," Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 101 (5th Cir. 1990), there is simply no possibility that Martin could have made out a claim for tortious interference with a prospective business relationship. See Griggs v. State Farm Lloyd's, 181 F.3d 694, 702 (5th Cir. 1999)(finding that plaintiff fraudulently joined defendant where they could not possible recover on their claims).

Because there is no possibility that Martin will prevail on any of her claims against Hembree, we hold that the district court properly exercised subject matter jurisdiction

## II.

Martin argues that the district court erred in entering summary judgment on her retaliation claim. She contends that the district court overlooked substantial issues of material fact regarding whether Kroger terminated her because of her poor

performance, or because of her pattern of opposition to discriminatory practices.

The district court found that Martin had established a prima facie case of discrimination because she had proved that: (1) she opposed a discriminatory practice – the use of racial slurs; (2) she suffered an adverse employment decision – termination; and (3) she established causation – by a temporal proximity between her complaints and her discharge.  Nevertheless, the court held that Kroger provided "ample evidence of non-retaliatory reasons for Martin's discharge, i.e., her poor performance and negative attitude. . . ."  Because Martin failed to show that the reasons that Kroger proffered for her discharge were pretextual and that Kroger actually sought to fire her because of her opposition to discrimination, the district court granted summary judgment for Kroger.

Our review of the briefs and record leads us to agree with the district court. Once a plaintiff has advanced a prima facie case for retaliation and the defendant has "articulate[d] a legitimate, nondiscriminatory reason for the challenged employment action," a plaintiff can avoid summary judgment only if "the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not what actually motivated the employer and (2) creates a reasonable inference that race was a determinative factor in the actions of which plaintiff complains." Grimes v. Texas Dept. of Mental Health and Mental Retardation, 102

11

F.3d 137, 140-41 (5th Cir. 1996). Moreover, the "plaintiff must present sufficient evidence to create a discriminatory intent in order to avoid summary judgment." Id. at 141. And as in response to any motion for summary judgment, "it is . . . incumbent upon the non-moving party to present evidence – not just conjecture and speculation – that the defendant retaliated and discriminated against plaintiff on the basis of her race." Id. at 140.

In response to Martin's prima facie showing of retaliation, Kroger produced substantial evidence documenting Martin's work difficulties, which substantially preceded her discrimination charges. Martin failed to produce any evidence either suggesting that Kroger did not actually fire her on the basis of her poor performance or that Kroger fired her because of her opposition to discrimination. At best, Martin has demonstrated a temporal proximity between her complaints and her termination. While such a showing may be sufficient to establish a prima facie case, it does not constitute evidence "sufficient to create a reasonable inference of discriminatory intent in order to avoid summary judgment." 102 F.3d at 141.

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

12