## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20534

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2015

Lyle W. Cayce
Clerk

CEDRIC DENSON,

Plaintiff-Appellant

v.

BEAVEX, INCORPORATED; DIANA MONTEMAYOR,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-1493

Before HIGGINBOTHAM, DAVIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

In state court, Cedric Denson brought a discrimination claim against his former employer and a tort claim against a supervisor. The defendants removed the case to federal court. Denson's motions to remand and for leave to file an amended complaint were denied. Denson appeals, and we AFFIRM.

Denson worked as a dispatcher for BeavEx, Inc., a transportation and logistics services company, from August 2009 to April 2012. BeavEx

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

terminated Denson after issuing numerous performance-related warnings and reprimands during 2011 and 2012.

In February 2013, Denson filed suit against BeavEx and Diana Montemayor, his supervisor. He claimed that BeavEx discriminated against him on the basis of race and sex and negligently supervised Montemayor. He also claimed that Montemayor tortiously interfered with his business relations with BeavEx by firing him for personal reasons.

In May 2013, the defendants removed the case to federal court on the basis of diversity. Although Montemayor, like Denson, is a Texas citizen, the defendants argued that she was improperly joined and thus did not defeat diversity. Denson filed a motion to remand in which he contested this claim. At a hearing, the district court indicated it would deny the motion. Denson subsequently filed a motion for leave to amend his complaint. The court denied both motions and granted the defendants' motion for summary judgment.

Denson timely appealed the denial of his motions to remand and to file an amended complaint. He has not appealed the summary judgment order.

## DISCUSSION

### I. *Motion to Remand*

We review the denial of a motion to remand *de novo*. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 311 (5th Cir. 2002). Denson argues that the district court should have remanded because Montemayor was properly joined. He agrees that the requirements for diversity jurisdiction were otherwise met. *See* 28 U.S.C. §§ 1332, 1441.

A case may be removed despite the presence of a non-diverse defendant if that defendant was improperly joined. *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *see also* 28 U.S.C. § 1359. To show improper

joinder, a defendant must demonstrate an "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood*, 385 F.3d at 573 (quotations and citation omitted). Specifically, the defendant must show that "there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* The analysis for improper joinder is similar to that used for dismissal under Rule 12(b)(6). *Id.* District courts may, however, "pierce the pleadings and conduct a summary inquiry" in order to "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id.* at 573-74 (footnote omitted).

Denson argues that Montemayor was a proper party because he had a reasonable possibility of recovering against her for tortious interference with his business relations with BeavEx.[1] To recover for tortious interference, a plaintiff must demonstrate: (1) the existence of a contract, (2) willful and intentional interference with the contract, (3) actual damage or loss, and (4) proximate causation. *Powell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex. 1998). When, as here, the defendant to a tortious interference claim is one of the contracting parties' agents, the plaintiff must show that the agent acted *solely* in his or her own interests in order to satisfy the second element of the offense; mixed motives are insufficient. *Id.* at 456-57. The agent must have

---

[1] The parties dispute whether state or federal pleading standards apply when analyzing claims of improper joinder and, if the latter, the extent to which Texas Rule of Civil Procedure 91a modified the state's liberal pleading standard. Under the former standard, "[a] court should uphold the petition as to a cause of action that may be reasonably inferred from what is specifically stated, even if an element of the cause of action is not specifically alleged." *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993) (citations omitted). We need not resolve which standard applies because Denson did not possess a reasonable possibility of recovery against Montemayor under either standard.

"acted in a fashion so contrary to the [principal's] best interests that his actions could only have been motivated by personal interests." *Holloway v. Skinner*, 898 S.W.2d 793, 796 (Tex. 1995) (citation and footnote omitted). Moreover, an agent will not be deemed to have acted solely for personal reasons if the employer does not object to the actions. *Powell Indus.*, 985 S.W.2d at 457; *see also Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 403 (5th Cir. 2013).

Denson pled that Montemayor "influenced his termination" for "personal and malicious reasons," namely that she "preferred Hispanic, Caucasian and gay employees, as opposed to Denson, an African American, heterosexual male." In support of this conclusion, Denson alleged that Montemayor "hires her friends and family;" that he "was the only black male working for the company in a managerial capacity" at the time of his employment; that Montemayor's predilections led to "consistent surveillance and scrutiny of his actions;" and that he was ultimately terminated "without justifiable cause and without being placed on probation . . . ."

The most significant difficulty with Denson's claim is that the undisputed evidence shows that BeavEx ratified Montemayor's actions. At a hearing on Denson's motion to remand, the district court noted that BeavEx "has said that they knew what [Montemayor] was doing, they ratified what she was doing, they agreed with what she was doing. So . . . not only [has Denson] not pled it but [he] can't prove it." Thus, a summary inquiry into BeavEx's ratification of Montemayor's actions confirms Denson's inability to demonstrate that Montemayor acted against BeavEx's interests.

Denson responds that BeavEx's ratification of Montemayor's actions is irrelevant, both procedurally and factually. Regarding procedure, he argues that because the suit was dismissed on the pleadings, it was improper to examine a defense that could be made to his claims. Generally only the

complaint should be examined when determining whether a suit should be dismissed for failure to state a claim, but here we are concerned with whether there has been an improper joinder of a party. A district court may at times "pierce the pleadings" when determining whether joinder was proper:

> Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (footnotes omitted). Determining from undisputed evidence that the claim was not viable was permissible here.

Additionally, contrary to Denson's contentions, it does not matter whether ratification occurred after the termination. The Texas Supreme Court has held in multiple opinions that a principal must disapprove of an agent's actions, and it has never focused on the timing of ratification. *See Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc.*, 29 S.W.3d 74, 79 (Tex. 2000); *Powell Indus.*, 985 S.W.2d at 457; *Morgan Stanley & Co., Inc. v. Tex. Oil Co.*, 958 S.W.2d 178, 181 (Tex. 1997). In fact, the court previously rejected a tortious interference claim predicated upon an agent's acceptance of a business offer prior to informing its principal of the plaintiff's allegedly better offer. *See Morgan Stanley*, 958 S.W.2d at 181. Despite the principal's lack of contemporary knowledge of the latter offer, the court held that the plaintiff's claim failed because the principal "has not complained of [the agent's] handling of the transaction." *Id.* at 182. Thus, Denson's argument is foreclosed under Texas law.

In addition to BeavEx's ratification of Montemayor's actions, the district court also noted that Denson pled that he was "having trouble" with a late driver and dispatched other drivers prematurely as a result. Although he

maintained that these problems were outside of his control (and perhaps even caused, in part, by Montemayor), he conceded that they were a causal factor in his termination. As a result, the court concluded that Denson's pleadings, taken as true, "show that Montemayor had mixed motives for terminating Denson's employment, some of which benefitted her based on her allegedly unlawful preferences and some of which were in Beav[E]x's interests for employee discipline." Moreover, in discussing the background of the case, the court observed that Montemayor had received over half a dozen warnings from multiple supervisors for failing to follow dispatch procedures or notify management of problems implicating customer service. This evidence, which the court appropriately considered, *see Smallwood*, 385 F.3d at 573-74, reinforces the court's holding that Montemayor's motivations for terminating Denson were mixed at best.

The district court correctly held that Montemayor was improperly joined because there was no reasonable basis upon which to predict that Denson could recover against her for tortious interference.

## II.     *Motion for Leave to File an Amended Complaint*

We review the denial of leave to amend pleadings for abuse of discretion. *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009). Leave to amend should be "freely give[n] . . . when justice so requires." FED. R. CIV. P. 15(a)(2). A district court may refuse leave to amend on the basis of futility, however, "if the complaint as amended would be subject to dismissal." *Ackerson*, 589 F.3d at 208. Additionally, when the plaintiff files for leave to amend after the pleadings deadline, the plaintiff must demonstrate good cause for the delay under Rule 16(b)(4). *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). Four factors weigh on determinations of good cause:

"(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* (quotations and citation omitted).

Denson filed his motion to amend nearly eight months after the district court's pleadings deadline. The court held that Denson filed the motion "in a clear attempt to defeat the court's subject-matter jurisdiction" and that his "reasons for delay are well outside the realm of 'good cause' under Rule 16." The court also concluded that "Denson's amendment would be futile, as he has still failed to plead that Beav[E]x objected to Montemayor's decision to terminate Denson's employment, a necessary showing for a tortious interference claim against a corporate agent."

Denson has not addressed the district court's conclusions on appeal. Although he describes his proposed amendments at length, he does not respond to the holding that they would be futile or provide any explanation for his almost eight-month delay in seeking leave to amend. Additionally, he does not cite to relevant authority discussing Rules 15(a)(2) or 16(b)(4). The two district court cases upon which he relies are inapposite. One of those cases addressed a plaintiff's attempt to join a non-diverse defendant after removal. *See Criswell v. Wal-Mart Stores, Inc.*, No. 1:09-CV-502, 2009 WL 5061826, at *1 (E.D. Tex. Dec. 15, 2009). Such amendments are analyzed under 28 U.S.C. § 1447(e) rather than Rule 15(a). *Id.* at *4 n.3. Moreover, futility and timeliness were not at issue in the case. The other case addressed a motion to remand and did not involve amendments to the complaint. *See Patton v. Adesa Tex., Inc.*, 985 F. Supp. 2d 818, 820-23 (N.D. Tex. 2013). Given Denson's failure to adequately brief this issue, he has abandoned it on appeal. *See Procter & Gamble Co. v.*

*Amway Corp.*, 376 F.3d 496, 499 n.1 (5th Cir. 2004) (collecting cases); *see also* FED. R. APP. P. 28(a)(8)(A).

AFFIRMED.