**S & W ENTERPRISES,
L.L.C., Plaintiff,**

**v.**

**SOUTHTRUST BANK OF ALABAMA,
Defendant.**

**Civil Action No. 398CV2668L.**

United States District Court,
N.D. Texas,
Dallas Division.

Dec. 18, 2001.

Carl A. Generes, Law Offices of Carl A. Generes, Dallas, TX, for plaintiff.

Christopher H. Rentzel, Ross D. Kennedy, Scott R. Roberts, Bracewell & Patterson, L.L.P., Dallas, TX, for defendant.

### MEMORANDUM OPINION AND ORDER

LINDSAY, District Judge.

Before the court are Plaintiff's Motion for Leave to Amend Its Complaint and Brief, filed September 25, 2001; Defendant's Motion for Summary Judgment and Brief in Support, filed November 2, 2001; and Defendant's Motion for Continuance, filed December 10, 2001. After careful consideration of the motions, responses, reply[1], evidence submitted, and applicable law, the court **denies** Plaintiff's Motion for Leave to Amend Its Complaint; **grants** Defendant's Motion for Summary Judgment, and **denies as moot** Defendant's Motion for Continuance.

### I. *Procedural and Factual Background*

Plaintiff S & W Enterprises, L.L.C. ("S & W" or "Plaintiff") filed its Original Complaint on November 12, 1998, alleging that Defendant Southtrust Bank ("Southtrust" or "Defendant") tortiously interfered with a prospective assignment (the "Assignment") by Daiwa Bank Limited ("Daiwa") to S & W of Daiwa's interest in a certain loan made to Medical Technology Systems, Inc., by Daiwa and Southtrust (the "MTS Loan"). S & W and Daiwa executed a

---

1. Plaintiff S & W Enterprises did not file a reply to Defendant Southtrust Bank's Response to Plaintiff's Motion for Leave to Amend Its Complaint. The court refers to the reply filed regarding Defendant's summary judgment motion.

Purchase Agreement (the "Purchase Agreement"), dated July 28, 1998, that provided for the assignment to S & W of Daiwa's interest in the MTS Loan. The participation agreement between Daiwa and Southtrust with respect to the MTS Loan required Southtrust's consent to any such assignment by Daiwa, and contained a provision that Southtrust could not reasonably withhold its consent. S & W contends that Southtrust unreasonably withheld its consent to the Assignment. S & W also claimed in its Original Complaint that Southtrust breached the participation agreement and its obligation of good faith in the performance of the participation agreement by unreasonably withholding its consent to the Assignment to S & W's damage as a third-party beneficiary. Southtrust contends that it did not unreasonably withhold its consent and that it breached no agreement or obligation to S & W.

On January 11, 1999, Southtrust filed its Motion to Dismiss or Transfer for Improper Venue, Motion to Dismiss for Failure to State a Claim under Rule 12(b)(6), and Motion to Transfer for Convenience under 28 U.S.C. § 1404(a). On March 6, 2001, the court denied Defendant's Motion to Dismiss or Transfer for Improper Venue, and granted in part and denied in part Defendant's Motion to Dismiss for Failure to State a Claim Under Rule 12(b)(6). The court held that Plaintiff had stated a claim for tortious interference with prospective business relations under Texas law and stated this claim would proceed to trial. Plaintiff's breach of contract claims (Counts II and III) were dismissed. The court denied Defendant's Motion to Transfer under 28 U.S.C. § 1404(a).

The court issued its Amended Scheduling Order on March 7, 2001. The court set June 11, 2001, as the deadline for motions to amend pleadings and October 5, 2001, for completion of discovery. The trial of this action was set for trial during the court's four-week docket commencing February 4, 2002.

 S & W contends that, at the time it filed its Original Complaint in 1998 and until March 8, 2001, "the elements of a tortious interference with a prospective contractual relationship claim under Texas law were (1) the existence of a prospective contractual relationship; (2) an unjustified intentional act by the defendant that prevented the relationship from occurring; and (3) damage to the plaintiff." Plaintiff's Motion for Leave to Amend Its Complaint at 6. The actual elements of a claim for tortious interference with prospective business relations until March 8, 2001, required "(1) a reasonable probability or expectation of entering into a contractual relationship; (2) intentional and malicious conduct by the defendant that prevents consummation of the contract; (3) no justification or privilege shields the defendant; and (4) actual harm or damages caused by defendant's conduct." *Small Business Assistance Corp. v. Clear Channel Broad., Inc.*, 210 F.3d 278, 280 n. 1 (5th Cir.2000); *see also Thrift v. Hubbard*, 44 F.3d 348, 356–57 (5th Cir.1995) (*citing Exxon Corp. v. Allsup*, 808 S.W.2d 648, 659 (Tex.App. Corpus Christi 1991, writ denied)).[2] Plaintiff also contends that Texas law generally treated tortious interference with an existing contract[3] the same except for the dif-

---

**2.** Although *Thrift* refers to the claim as a cause of action for tortious interference with prospective contractual relations, this claim appears to be identical to, or at least the functional equivalent of, a cause of action for tortious interference with a business relationship. *Thrift*, 44 F.3d at 357 n. 16 (citations omitted.)

**3.** To establish a claim for tortious interference with an existing contract, a plaintiff must establish: (1) the existence of a contract subject to interference; (2) a willful and intentional act of interference; (3) such act was a proximate cause of damages to Plaintiff; and (4) actual damage or loss occurred. *Thrift v. Hubbard*, 44 F.3d at 356 (5th Cir.1995); *Pow-*

ference that there must have been an existing contract instead of a potential one, and that *Wal–Mart Stores, Inc., v. Sturges*, 52 S.W.3d 711 (Tex.2001), only changes the law with respect to interference with prospective business relations by requiring proof that the act of interference was independently tortious or wrongful. According to S & W, its Original Complaint incorrectly characterized its relationship with Daiwa as prospective, and S & W contends they had entered into and were ready to consummate the Purchase Agreement. According to S & W, the parties needed only Southtrust's consent, which was allegedly unreasonably and wrongfully withheld.

The essence of S & W's claim is that Southtrust unreasonably withheld its consent and thereby interfered with the Purchase Agreement, that is, Daiwa's agreement to sell its interest in the MTS Loan to S & W. S & W contends that since the actual Assignment document was never executed, its counsel crafted S & W's claim in the Original Complaint as a tortious interference with the prospective Assignment. S & W ultimately contends that Southtrust in reality tortiously interfered with the Purchase Agreement, an existing contract, and seeks to amend its Complaint and clarify its claim against Southtrust in light of the *Sturges* decision, which was issued on March 8, 2001.[4]

## II. *Plaintiff's Motion for Leave to Amend Its Complaint*

### A. Applicable Standard

■ The appropriate starting point for amendment of pleading is Fed.R.Civ.P. 15(a). Under Rule 15(a), other than in circumstances which do not apply here, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although Rule 15(a)

> evinces a bias in favor of granting leave to amend, such leave is not automatic. In deciding whether to allow amendment, a district court may consider such factors as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment.

*Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 608 (5th Cir.1998)(internal quotations, footnotes, brackets and citations omitted); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). A motion for leave should not be denied "unless there is a substantial reason to do so." *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir.1994); *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir.1998). Although not specifically set out in the standard as previously stated, the Fifth Circuit has repeatedly recognized that the untimeliness of a motion to amend is a valid reason to deny it. *Leffall*, 28 F.3d at 524; *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991); *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir.1981).

Defendant Southtrust contends that Fed.R.Civ.P. 16(b) controls because, once the court enters a scheduling order, such order "shall not be modified except upon a showing of good cause and by leave of the district judge ...." *Id.* Southtrust contends that the court should use the "good

---

*ell Indus., Inc. v. Allen*, 985 S.W.2d 455, 456 (Tex.1998); *Holloway v. Skinner*, 898 S.W.2d 793, 795–96 (Tex.1995).

**4.** This contention puzzles the court. If this were the case, why could not S & W simply have included these facts in Plaintiff's Original Complaint? This certainly could have been done without the *Sturges* case.

cause" standard to resolve the motion to amend. The court disagrees. Defendant's approach has appeal; however, since amendment of pleadings is governed by Fed.R.Civ.P. 15(a), the court believes the appropriate standard is that set forth in Rule 15(a) and the applicable case authority.[5] Accordingly, the court uses the standard as set forth in the preceding paragraph.

### B. Analysis

#### 1. Introduction

■ The court is unpersuaded by Plaintiff's argument that its proposed amended complaint "simply articulates its claims more accurately according to the undisputed facts," and has serious concerns regarding the proposed amendment. What S & W really seeks to do is add a new claim based on a 1998 agreement. This claim was not referenced in Plaintiff's Original Complaint. Whatever facts exist now existed at the time this action was filed. In other words, there is no reason why the claim S & W seeks to add could not have been asserted when the action was filed in 1998. S & W chose to allege facts constituting a tortious interference with prospective business relations under the existing law. Now that the law has changed, S & W seeks to do now what it could have done originally. For the reasons stated herein, the court concludes that S & W's motion to amend is untimely and will unduly prejudice Southtrust or, alternatively, unduly and unnecessarily delay the trial of this action.

#### 2. Timeliness

First, the proposed amendment is untimely. The court initially set this action for trial on its four-week docket commencing January 2, 2001. The court reset the action to its four-week docket beginning February 4, 2002. See Amended Scheduling Order, filed March 7, 2001. By the same order, the court set June 11, 2001 as the deadline for amendment of pleadings and set October 5, 2001 as the discovery deadline. S & W filed its motion requesting amendment of pleadings on September 25, 2001, well over one hundred days beyond the court's pleading deadline. S & W's counsel acknowledges that he was aware of the *Sturges* decision prior to the deadline to amend pleadings, but that he did not, until some time later, analyze the impact the decision had on Plaintiff's Original Complaint. S & W offers *no* explanation for the delayed analysis of *Sturges,* which resulted in its untimely filing. Moreover, S & W wholly fails to explain why it could not have set forth a claim of tortious interference with a contract at the time its lawsuit was filed in 1998. *Sturges* simply did not affect S & W's decision not to plead such a claim. Untimeliness alone is a valid reason to deny leave to amend. *See Leffall, Avatar,* and *Gregory, supra.* As S & W offers no adequate basis for its failure to amend within the deadlines established by the court, the court declines to allow S & W to amend its Original Complaint.

#### 3. Undue Prejudice and Undue Delay

Second, permitting S & W to amend would require additional discovery, which in turn would require the court to vacate the current trial setting in February 2002. Although S & W makes the general statement "[a]ll discovery has been completed," Southtrust disputes this assertion. Southtrust specifically states that it would be required to: "redepose Plaintiff's primary witnesses (Lawrence Steinberg and David Weinreb [S & W's two principals]), (2) take depositions of third party witnesses (such as Daiwa representatives), and (3)

---

**5.** Southtrust cites no authority from the Fifth Circuit or Supreme Court that the "good cause" standard required under Rule 16(b) should apply.

propound new written discovery to Plaintiff." Defendant's Response to Plaintiff's Motion for Leave to Amend Its Complaint at 4 n. 5. Moreover, S & W filed no reply to Southtrust's response challenging the assertion that substantial additional discovery would be necessary. Although the court cannot determine the precise amount of additional discovery, it concludes that additional discovery is necessary. Accordingly, if the court were to allow the amendment, Southtrust would be unduly prejudiced because it would be unable to conduct the necessary additional discovery, as the discovery deadline was October 5, 2001. On the other hand, if the court allowed the amendment, to remove any undue prejudice to Southtrust, it would be required to reopen discovery (which would probably take at least ninety days) and reset the trial date. The new trial date would in all probability be more than ninety days beyond the current February 2002 setting because the court would have to incorporate the setting into its June 2002 docket, as its May 2002 docket is full. As this action is already over three years old, the court finds such delay not justified or warranted by the circumstances of this case.

Based on the untimeliness of S & W's motion to amend and the undue prejudice that would be caused to Southtrust or, alternatively, the undue and unnecessary delay that would be caused if additional discovery is allowed and the action reset, substantial reasons exist to deny S & W leave to file its proposed amended complaint. Denial of the motion to amend is therefore appropriate.

### III. *Defendant's Motion for Summary Judgment*

#### A. Background

The court has adequately set forth the background for this action in section I of this opinion and sees no reason to restate those facts. Southtrust contends that, in light of this court's earlier ruling and a recent Texas Supreme Court decision, no evidence of a genuine issue of material fact exists regarding Plaintiff's remaining claim of tortious interference with prospective business relations because no evidence exists to support such a claim. Plaintiff disagrees and contends that a genuine issue of material facts exists regarding its claim. For the reasons set forth herein, the court disagrees with Plaintiff's position.

#### B. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir.1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Ragas,* 136 F.3d at 458.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Mere conclusory allegations

are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S.Ct. 195, 130 L.Ed.2d 127 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.; see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n. 7 (5th Cir.), *cert. denied*, 506 U.S. 832, 113 S.Ct. 98, 121 L.Ed.2d 59 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23, 106 S.Ct. 2548.

### C. Analysis

█ The basis for Southtrust's summary judgment motion is the Texas Supreme Court's decision in *Wal–Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711 (Tex. 2001). In *Sturges*, the court held that to recover on a claim for tortious interference with a prospective contractual or business relation, "a plaintiff must prove that the defendant's conduct was independently tortious or wrongful." *Id.* at 726. The court further stated that it was not necessary for a plaintiff to prove an independent tort, but only that a defendant's conduct "would be actionable under a recognized tort." *Id.* The court explained, by way of example, that a defendant who threatened a customer with bodily injury if he engaged in business with the plaintiff would be liable for tortious interference with a prospective business relation because the conduct of the defendant toward the customer would constitute the tort of assault, an independently recognized tort. *Id.* at 713, 726.

The essence of S & W's claim of tortious interference with prospective business relations is that Southtrust imposed unreasonable conditions to its acceptance of the Assignment of Daiwa's interests in the MTS Loan and thus unreasonably withheld its consent to the Assignment. S & W contends that Southtrust's failure to consent to the assignment constituted "a breach of [Southtrust's] common law duty to perform its contractual obligations in a 'faithful' manner." Plaintiff S & W's Response to Defendant Southtrust Bank's Motion for Summary Judgment at 5–6.

The court has some skepticism regarding S & W's contention with respect to the duty of faithfulness because under S & W's approach, a cause of action could be brought in virtually every breach of every contract claim and thus open a Pandora's box. This court is not certain such a result was contemplated by the Texas Supreme Court when it issued the *Sturges* decision.

The court, however, finds it unnecessary to address whether S & W has identified an independently recognized tort because the court concludes that S & W has not met its summary judgment burden as outlined by the court. S & W has made conclusory statements that the withholding

of consent to the Assignment was unreasonable, but it has set forth no competent summary judgment evidence that would create a genuine issue of material fact that its conduct was unreasonable when it refused to consent to the Assignment. Although the contention is made numerous times in the record, the record contains no competent summary judgment evidence to create a genuine issue of material fact. Conclusory allegations, without supporting competent summary judgment evidence, are insufficient to raise a genuine issue of material fact. In other words, there is no summary judgment evidence which states how and why the withholding of consent was unreasonable in this case other than the conclusory statements and subjective beliefs. Accordingly, no genuine issue of material fact exists regarding the withholding of consent, and Southtrust is entitled to judgment as a matter of law on S & W's claim of tortious interference with prospective business relations.

### IV. *Defendant's Motion for Continuance*

Defendant Southtrust filed a motion for continuance on December 10, 2001. In light of the court's ruling on Plaintiff's Motion for Leave to Amend Its Complaint and Defendant's Motion for Summary Judgment, the relief requested in Defendant's motion for continuance is moot, and the motion is therefore **denied.**

### V. *Conclusion*

For the reasons stated herein, valid reasons exist to deny Plaintiff S & W leave to amend. Accordingly, Plaintiff's Motion for Leave to Amend Its Complaint is **denied.** For the reasons stated herein, no genuine issue of material fact exists regarding S & W's claim of tortious interference with prospective business relations. Southtrust is therefore entitled to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment is **granted,** and

this claim is **dismissed with prejudice.** Defendant's Motion for Continuance, for the reasons stated, is **denied as moot.** Judgment will issue by separate document as required by Fed.R.Civ.P. 58.