# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 1, 2013

Lyle W. Cayce
Clerk

SEBASTIAN FILGUEIRA,

Plaintiff - Appellant

v.

US BANK NATIONAL ASSOCIATION, as Trustee for Residential Funding
Mortgage Securities, Incorporated 2006S9; GMAC Mortgage, L.L.C., formerly
known as GMAC Mortgage Corporation,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-962

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Sebastian Filgueira appeals the district court's denial of leave to amend his complaint. Because Filgueira failed to show good cause for amending the court's scheduling order, the district court did not abuse its discretion in denying Filgueira leave to amend. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20105

## I.

In August 2006, Filgueira executed a mortgage, secured by a Deed of Trust. The Note and Deed of Trust were later assigned to U.S. Bank National Association ("U.S. Bank"), with GMAC Mortgage Corporation ("GMAC") serving as the mortgage servicer for the loan. By spring of 2011, Filgueira was delinquent on the loan. After sending several notices of delinquency to Filgueira, GMAC sent him a notice of acceleration, notifying him that he was in default. As a result, a foreclosure sale was slated for February 7, 2011. A day before the sale was to take place, Filgueira filed suit against U.S. Bank and GMAC (the "Defendants") in Texas state court. In his complaint, Filgueira asserted a claim for wrongful foreclosure and requested a temporary restraining order. The court agreed and issued the temporary restraining order. Shortly thereafter, U.S. Bank removed the case to federal court and the case was transferred to a magistrate judge under 28 U.S.C. § 636(c) with no objection from either party.

On April 20, 2012, the Defendants filed a Motion for Judgment on the Pleadings under Rule 12(c). Following the filing of that motion, the court entered a scheduling order setting a September 10, 2012, deadline for motions to amend pleadings. While the deadline approached, Filgueira's counsel withdrew with the court's permission. As a result of the withdrawal, Filgueira asked for and received a continuance for the parties' hearing on the 12(c) motion. On September 21, 2012, eleven days after the deadline, Filgueira filed a response to the 12(c) motion in which he raised several new claims and moved for leave to amend. After a hearing on the Defendants' 12(c) motion, the court denied Filgueira's request for leave to amend and granted the Defendants' motion to dismiss. Filgueira timely appealed. The sole issue on appeal is whether the court erred when it denied him leave to amend his complaint.

2

No. 13-20105

## II.

"This Court reviews a trial court's denial of leave to amend pleadings for abuse of discretion." *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333 (5th Cir. 2012). Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave should be "freely given when justice so requires." *S&W Enters., L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 535 (5th Cir. 2003) (quoting Fed. R. Civ. P. 15(a)). This is a lenient standard, but it does not apply if an amendment would require the modification of a previously entered scheduling order. *Id.* Instead, Rule 16(b) governs the amendment of pleadings "after a scheduling order's deadline to amend has expired." *Fahim v. Marriott Hotel Servs., Inc.*, 551 F.3d 344, 348 (5th Cir. 2008).

Filgueira requested leave to amend eleven days after the district court's deadline of September 10, 2012, had passed. Once a scheduling order's deadline has passed, that scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). A party is required "to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Fahim*, 551 F.3d at 348 (quoting 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). If a party shows good cause for missing the deadline, then the "more liberal standard of Rule 15(a) will apply to the district court's denial of leave to amend." *Id.* (internal citations omitted).

## III.

There are four factors relevant to a determination of good cause under Rule 16(b)(4). They are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure

No. 13-20105

such prejudice." *Serv. Temps Inc.*, 679 F.3d at 334 (citing *Fahim*, 551 F.3d at 348). In denying Filgueira's request for leave to amend, the court found that the request was untimely due to Filgueira's failure to meet the September 10 deadline. Furthermore, the court found that any amendments would have been futile, and, finally, that amending the complaint would prejudice the Defendants. Although the court did not make specific reference to the good cause requirement under Rule 16(b)(4), parts of the order granting the Defendants' 12(c) motion address the factors under which good cause is examined.

Addressing the first factor, Filgueira fails to proffer a sufficient explanation for his failure to timely move for leave to amend within the scheduling order deadline. He primarily relies on his attorney's withdrawal to argue that this lack of representation left him unable to amend his complaint within the scheduling order's deadline. The court pointed out the flaws in Filgueira's excuse by noting that his counsel had sought permission to withdraw well before August 14, 2012, the date upon which the court entered the order granting his attorney's motion to withdraw. Indeed, Filgueira's counsel moved to withdraw on July 25 due to Filgueira's failure to respond to the attorney's "many attempts to communicate with [Filgueira] concerning matters incident to this case." Filgueira had approximately two months during which he could have requested leave to amend and still have met the court's September 10 deadline. Furthermore, Filgueira is not the ordinary unsophisticated, *pro se* plaintiff. Instead, he is a licensed attorney. Because "Filgueira had ample time prior to the deadline to seek the Court's leave to amend his pleadings[,]" he cannot rely on his attorney's withdrawal to excuse this failure. Consequently, we see no compelling reason for his failure to move for leave to amend before the scheduling order deadline.

No. 13-20105

The second factor, the importance of Filgueira's amendment, also weighs heavily in favor of the Defendants.  The court touched on this point by noting that any amendment by Filgueira would be futile.  Filgueira fails to show the importance of his amendment.  In short, it would not have changed the outcome of the court's ruling on the Defendants' 12(c) motion as far as we have been shown.  Because Filgueira has failed to attach proposed amendments to his response requesting leave to amend, it is difficult to determine the importance of any amendment he would have made.  Instead, we must rely on the new legal claims he references in his response and assume that his amendments would be consistent with these claims.  In his response and request for leave to amend, Filgueira argued that his original wrongful foreclosure claim remained and that the facts pled in his original claim additionally supported a chain of title claim, a trespass to try title claim, a quiet title claim, a breach of contract claim, a Fair Debt Collection Practices Act ("FDCPA") claim, a Deceptive Trade Practices Act Claim ("DTPA"), and a right to injunctive relief.

As the court pointed out, any amendment to Filgueira's wrongful foreclosure claim would be futile as a "grossly inadequate selling price" is one of the elements of a wrongful foreclosure claim under Texas state law.  *Sauceda v. GMAC Mortg. Corp.*, 268 S.W. 3d 135, 139 (Tex. App. 2008, no pet.).  No sale took place here, as the state court granted an injunction to prevent the sale of the house.  Without a sale of the house, there can be no viable wrongful foreclosure claim under Texas law.

Next, a proposed amendment to support his chain of title claim would likewise have failed.  In his 12(c) response and at the 12(c) hearing on October 10, 2012, Filgueira made unsubstantiated allegations that U.S. Bank lacked authority to foreclose on the property notwithstanding clear evidence from the Defendants that U.S. Bank had power under the deed of trust to do so.

No. 13-20105

Filgueira's argument that U.S. Bank was not the owner of the note is irrelevant as this court has recently held that Texas law does not require a foreclosing entity to be the holder of the note. *Martins v. BAC Home Loan Servicing, L.P.*, 722 F.3d 249, 255 (5th Cir. 2013). Filgueira has produced no facts to show that his amendment with respect to this claim would be anything other than futile. An amendment to his trespass to title claim, quiet title claim, and breach of contract claim would likewise be futile because of the Defendants' proffered evidence clearly showing legal authority to foreclose. With regard to possible FDCPA or DTPA claims, there are no facts to suggest either of these claims would be viable with amendments to Filgueira's complaint. Without any underlying causes of action, his claim for injunctive relief fails as well.

With regard to the third and fourth factors, the district court found that allowing an amendment would unduly prejudice the Defendants by "allowing Filgueira to 'lay behind the log' and then raise wholly new causes of action after the deadline for amending pleadings had passed." We agree. Filgueira's attempt to bring a host of meritless claims by way of amendment would cause the Defendants great expense and extend the litigation needlessly. Furthermore, a continuance would not avoid the inevitable prejudice to the Defendants should Filgueira be allowed to amend.

## IV.

A good cause analysis consistent with Rule 16(b)(4) leaves little doubt that the district court did not abuse its discretion in denying Filgueira's request for leave to amend. Accordingly, the judgment dismissing his complaint is AFFIRMED.