# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2020

Lyle W. Cayce
Clerk

No. 20-30002

James Million; Gloria Million,

*Plaintiffs—Appellants*,

*versus*

Exxon Mobil Corporation, Exxon Chemical Company/ Exxon Refining ; Supply Company; Protherm Services Group, L.L.C.; Brock Services, L.L.C.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-60

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Appellants argue that it was error for the district court to deny their motions for leave to amend and to extend scheduling order deadlines, and to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

grant Appellees' motions for summary judgment.  Finding no error, we AFFIRM the district court in all respects, for the following reasons.

I.

Appellant James Million worked in the chemical industry for forty years, including for Appellees Brock Services, LLC ("Brock") and Protherm Services Group, LLC ("Protherm"), subcontractors for Appellee Exxon Mobil ("Exxon").  Million was diagnosed with cancer and pulmonary embolisms in February of 2016.  He and his wife, Gloria Million, filed suit on February 1, 2017, pleading claims of negligence and strict liability.  The complaint alleges that Million was exposed to hazardous chemicals, including benzene and vinyl chloride, during his employment.

The district court issued a Scheduling Order setting, among other things, the deadline to amend pleadings and join other parties as December 5, 2017; the deadline to complete expert discovery as June 7, 2019; and the deadline to file dispositive motions as August 6, 2019.  On January 9, 2019, more than a year after the deadline, Appellants sought leave to amend their complaint to add new defendants, Cos-Mar and Harmony LLC, claiming that the new defendants and their potential contribution to Million's injuries came to light during his November 8, 2018 deposition.  On January 18, 2019, the district court denied the motion on the grounds that Appellants failed to plead the citizenship of the proposed defendants.

Protherm and Brock then filed motions for summary judgment on January 23 and 25, respectively, based on the exclusivity provision of the Louisiana Workers Compensation Act ("LWCA").  LA. REV. STAT. § 23:1032 ("[t]he rights and remedies herein granted to an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages[]").  On January 26,

Appellants submitted a motion for reconsideration with the required citizenship information. Brock and Protherm opposed the amendment on the grounds that Appellants, for the first time, made allegations that Appellees intentionally caused Million's exposure to toxic chemicals. Intentional torts are excepted from LWCA exclusivity. *See id.* §23:1032(B) ("Nothing in this Chapter shall affect the liability of the employer. . . resulting from an intentional act."). The district court denied Appellants' motion because it did not address Rule 16(b)(4)'s good cause requirements.

Appellants filed another motion to amend addressing the good cause requirement on February 19, 2019. Appellants contended that Million's aggressive chemotherapy and medications caused forgetfulness, and that, as a result, he only identified the new defendants and the new intentional tort allegations against Brock and Protherm for the first time during his deposition, which occurred after the deadline to amend. Appellants also filed a motion to extend the discovery deadlines, arguing that amendments to their complaint would necessitate new discovery and more time to obtain expert reports. The district court denied both motions. The court found Appellants' good cause arguments implausible and uncorroborated, and noted Appellants' lack of diligence in seeking leave to amend and lack of explanation for failure to identify experts before the deadline. The court also noted that Appellants waited until after Brock and Protherm filed motions for summary judgment on the grounds of LWCA exclusivity before seeking to add intentional tort allegations in an attempt to avoid workers' compensation immunity.

On July 16, 2019, the district court granted Brock and Protherm's motions for summary judgment based on Appellants' failure to show any genuine issues of material fact that Appellees' acts fell under the LWCA's intentional tort exception. Exxon moved for summary judgment on August 6, 2019 on the ground that Appellants did not have the requisite medical

evidence to prove causation for the cancer at issue. The district court granted the motion on December 5, 2019 because Appellants did not present sufficient evidence to demonstrate a genuine dispute as to medical causation.

II.

This court reviews the denial of a motion to amend for abuse of discretion. *Fahim v. Marriot Hotel Servs., Inc.*, 551 F.3d 344, 347 (5th Cir. 2008). "A district court abuses its discretion if it (1) relies on clearly erroneous factual findings; (2) relies on erroneous conclusions of law; or (3) misapplies the law to the facts." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Villareal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016)). "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The movant must "show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). The four factors relevant to a determination of good cause include: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* When leave to amend is sought after a scheduling order has expired, only upon the movant's demonstration of good cause will the more liberal standard of Rule 15(a) apply to the decision to grant or deny leave. *S&W Enterprises, LLC v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003).

Having carefully reviewed the record, we find no abuse of discretion in the district court's denial of Appellants' motion for leave to amend their complaint. The district court reasonably determined that the Appellants failed to show good cause. As the district court noted, Appellants failed to exercise diligence, waited more than two months after Million's deposition

to seek leave to amend, and gave explanations for their failure to amend timely that were implausible and uncorroborated.

Next, this court reviews a district court's decision to grant or deny a motion to modify a discovery schedule for abuse of discretion. *See Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997). Again, having reviewed the record, we find the district court did not abuse its discretion in denying Appellants' motion to extend the discovery deadline. As the district court noted, Appellants failed to show diligence in identifying and disclosing experts, and Appellants' speculation that their motion for leave to amend would be granted and necessitate additional discovery did not constitute good cause.

"This court reviews de novo a district court's grant of summary judgment, applying the same standard as the district court." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin*, 864 F.3d at 328 (internal quotation marks and citation omitted). All facts and reasonable inferences are construed in favor of the nonmovant, and the court should not weigh evidence or make credibility findings. *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009).

Under LWCA, workers' compensation is an employee's exclusive remedy against his or her employer for work-related injuries or illness resulting from negligence. *See Bazley v. Tortorich*, 397 So.2d 475, 479 (La. 1981). However, there is an intentional tort exception to LWCA exclusivity. To prove "intent," the employee must show that the employer either (1) "conscientiously desire[d] the physical result of his act, whatever the

likelihood of that result happening form his conduct", or (2) "kn[ew] that the result [was] substantially certain to follow from his conduct, whatever his desire[]." *Bazley* 397 So.2d at 481. This is a high bar to meet.

Appellants' complaint alleged that Brock and Protherm failed to provide adequate safety gear to employees, failed to ensure proper ventilation of work areas, failed to properly train employees, failed to follow applicable safety regulations, and other similar allegations. We agree with the district court that Appellants' allegations, even if accepted as true, amount to negligence, not intentional torts. Therefore, the district court did not err in granting summary judgment on the grounds of LWCA exclusivity.

Finally, Appellants argue that the district court erred in granting Exxon's motion for summary judgment because the district court failed to take judicial notice when requested of medical causation regarding Million's injuries. Appellants' claims against Exxon required them to show proof of causation, which required medical testimony. *See Maranto v. Goodyear Tire & Rubber Co.*, 650 So.2d 757, 759 (La. 1995). Yet Appellants contend that they did not obtain an expert or provide the court with any expert testimony "for the sake of judicial efficiency and cost efficiency." Judicial notice is proper only where the facts are "not subject to reasonable dispute." FED. R. EVID. 201. That is not the case here. Accordingly, the district court did not err in granting Exxon's motion for summary judgment.

AFFIRMED.