# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2021

Lyle W. Cayce
Clerk

No. 20-20311
Summary Calendar

Benjamin Oshea Calhoun,

*Plaintiff—Appellant*,

*versus*

City of Houston Police Department; City of Houston;
Art Acevedo,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-3387

Before Davis, Stewart, and Dennis, *Circuit Judges*.

Per Curiam:*

Benjamin Oshea Calhoun has brought claims pro se under 42 U.S.C.
§ 1983 against the City of Houston; the Houston Police Department
("HPD"); HPD's police chief, Art Acevedo; and several of HPD's officers,

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-20311

B. Tsai, A.C. Nguyen, and T. Rowe. Calhoun appeals the district court's (1) dismissal of his claims against Tsai, Nguyen, and Rowe under Federal Rule of Civil Procedure 12(b)(5) for insufficient services of process; (2) dismissal of his motion to compel service of process upon Tsai, Nguyen, and Rowe; (3) dismissal of his claims against Houston, HPD, and Acevedo under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted; and (4) denial of leave to file a second amended complaint. He also contends that the district court lacked jurisdiction to issue the Rule 12(b)(6) ruling since the court entered that order before deciding his recusal motion filed pursuant to 28 U.S.C. § 144, which states that a judge must recuse himself or herself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ."). § 144.

For the reasons that follow, we AFFIRM.

## I. BACKGROUND & PROCEDURAL HISTORY

On September 11, 2018 and again December 10, 2018, Rowe arrested Calhoun for criminal trespass. And on August 23, 2019, Tsai and Nguyen arrested Calhoun for aggravated assault.

Having construed Calhoun's complaint liberally, which we must do for a pro se plaintiff, *see Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), it generally asserted that Acevedo, Tsai, Nguyen, and Rowe violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments He also claimed that Houston and HPD promulgated a policy that violated his constitutional rights per *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978).

Calhoun initially attempted to serve Tsai, Nguyen, and Rowe on October 2, 2019 by sending summonses and copies of the complaint via

certified mail to the city secretary of Houston. The officers then moved to dismiss the complaint under Rule 12(b)(5). On November 4, 2019, and while that motion was pending, Calhoun served process upon the officers' attorney, Jennifer Callan. The officers moved once again to dismiss the complaint under Rule 12(b)(5). The district court orally granted both motions on January 24, 2020. After failing a third time to serve these defendants, Calhoun moved the district court to compel service, which the district court denied on February 20, 2020. Calhoun then filed a motion to have the district court judge, Vanessa D. Gilmore, recused. The district court never expressly ruled on that motion. On March 13, 2020, Calhoun moved to file a second amended complaint,[1] which the district court denied on May 15, 2020. On that same day the district court granted Houston, HPD, and Acevedo's motion to dismiss Calhoun's claims against them under Rule 12(b)(6) with prejudice.

Calhoun timely appealed.

## II. STANDARD OF REVIEW

"This court reviews a district court's dismissal under Rule 12(b)(5) for abuse of discretion." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (per curiam) (citing *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996)). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Id.* (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

---

[1] While Calhoun filed four motions to amend his complaint prior to the instant motion, the district court entered one amended complaint on the docket, which is the operative pleading.

Moreover, "[w]e review de novo the district court's decision to dismiss a complaint under Rule 12(b)(6)." *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017). To survive a motion to dismiss under Rule 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a claim is plausible if it is supported by "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Twombly*, 550 U.S. at 556.

The denial of a motion to amend is reviewed for abuse of discretion. *Filgueira v. U.S. Bank Nat. Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013). "Ordinarily, Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. Where a court's permission for leave to amend is required because the amendment is not a matter of course, leave should be 'freely given when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Thus, the "district court[] must entertain a presumption in favor of granting parties leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). That presumption, however, may be overcome if the district court determines that there is a "substantial reason" for denying leave, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . ., and futility of the amendment." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

Finally, because "[a] motion for recusal is committed to the sound discretion of the trial judge," *Hill v. Breazeale*, 197 F. App'x 331, 335 (5th Cir. 2006) (per curiam) (citing *United States v. Merkt*, 794 F.2d 950, 960 (5th Cir. 1986), we review the denial of a recusal motion for abuse of discretion, *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003).

## III. DISCUSSION

### A. Motion to Recuse

We begin by addressing Calhoun's jurisdictional argument regarding his recusal motion. For, if the district court lacked the authority to issue the rulings that are the subjects of this appeal, then we can dispose of this appeal in short order. We conclude, though, that Calhoun's argument lacks merit. This court has previously held that "[t]he denial of a motion by the district court, although not formally expressed, may be implied by . . . an order inconsistent with the granting of the relief sought by the motion." *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). The district court's orders denying Calhoun leave to further amend his complaint and dismissing his claims against Houston, HPD, and Acevedo accordingly implicitly denied Calhoun's motion to recuse. And such an implied denial moots any jurisdictional concerns. *See Emmett v. Allred Unit*, 428 F. App'x 352, 354 (5th Cir. 2011) (per curiam) (citing *Norman* and reasoning that the district court did not lack jurisdiction to consider a motion for reconsideration after the plaintiff had filed a recusal motion since the district court's "denial of the [plaintiff's] Section 144 motion was implicit from" other orders inconsistent with the recusal motion).

Even construing Calhoun's briefing to, in the alternative, appeal the denial of his recusal motion, we conclude that the district court did not err in denying the motion. First, a motion to recuse filed pursuant to § 144 "must be filed not less than ten days before the beginning of the term at which the

proceeding is to be heard unless good cause is shown." *Patterson*, 335 F.3d at 483 (citation and internal quotation marks omitted). But Calhoun did not file his recusal motion until almost six months after the date on which he filed this lawsuit. Nor did he provide good cause to explain the delay in filing his motion. Consequently, his recusal motion was untimely. And even if Calhoun had timely filed the motion, we would still affirm the denial of it on the merits. Calhoun attempted to demonstrate bias by stating that Judge Gilmore interrupted him during hearings and that she misapplied the Federal Rules of Civil Procedure. Calhoun, however, has not "state[ed] facts that, if true, would convince a reasonable person that a bias exists." *See id.*

### B. Claims Against Tsai, Nguyen, and Rowe

We also conclude that the district court did not err in dismissing Calhoun's claims against Tsai, Nguyen, and Rowe for insufficient service of process. Under Federal Rule of Civil Procedure 4(e), a plaintiff may serve the defendant with process by (1) "delivering a copy of the summons and of the complaint to the individual personally;" (2) "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" (3) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process;" or (4) by following state law. Fed. R. Civ. P. 4(e).[2]

At issue is whether Calhoun properly served the officers by sending summonses and copies of the complaint to the Houston city secretary via certified mail or by serving them upon Callan. Thus, we must determine whether, per Rule 4(e)(2)(C), the secretary and Callan were agents of the

---

[2] Calhoun argues that Federal Rule of Civil Procedure 5(b)(1) permits him to serve process on the officers' attorney, but Rule 4, not Rule 5, governs service of a summons and the complaint. He makes the same argument as to Texas Rule of Civil Procedure 8, but that rule pertains to the designation of a party's lead counsel.

officers eligible to receive service for them or whether the secretary and Callan could accept service for them under state law. As to the applicability of Rule 4(e)(2)(C), "service of process is not effectual on an attorney solely by reason of [her] capacity as attorney," *Ransom v. Brennan*, 437 F.2d 513, 518 (5th Cir. 1971), and Calhoun has not otherwise demonstrated that the secretary or Callan were agents designated to accept service on the officers' behalves. With respect to state law, service of process is not valid here unless the summons and complaint are "(1) deliver[ed] to the defendant, in person . . .; or (2) mail[ed] to the defendant by registered or certified mail . . . ." ). Tex. R. Civ. P. 106(a).[3] On their face, neither of these provisions encompass service upon a city secretary or a defendant's attorney. Hence, state law is no more availing to Calhoun than Rule 4(e)(2)(C).

In sum, the district court correctly dismissed Calhoun's claims against Tsai, Nguyen, and Rowe for insufficient service of process.

After the district court dismissed Calhoun's claims against the officers under Rule 12(b)(5), he once again attempted to serve summonses and copies of the complaint upon Callan, who in turn refused to accept them. Calhoun then moved the district court to compel service of process. But the responsibility for failing effect service was Calhoun's alone. Therefore, the district court did not abuse its discretion in denying Calhoun's motion. Calhoun cannot receive a free pass on the requirements for service of process

---

[3] The two additional methods of service under Rule 106(b) are inapplicable to this action since the district court did not authorize service via those methods.

simply because he is litigating this case pro se. *See Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013).

### C. Claims Against Houston, HPD, and Acevedo

Additionally, we hold that the district court did not err in dismissing Calhoun's claims against Houston, HPD, and Acevedo for failure to state a claim upon which relief can be granted.

First, we have determined that Calhoun has not stated a *Monell* claim against Houston. "For municipal liability to arise under Section 1983 from actions by officials that caused a deprivation of the constitutional rights of others, there must be shown a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Culbertson v. Lykos*, 790 F.3d 608, 628 (5th Cir. 2015) (citation and internal quotation marks omitted). "Official policy includes unwritten practices that are so common and well settled as to constitute a custom that fairly represents municipal policy." *Jackson v. City of Hearne*, 959 F.3d 194, 204 (5th Cir. 2020) (citation and internal quotation marks omitted). "Moreover, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Id.* (citation and internal quotation marks omitted). Even assuming Calhoun had plausibly alleged an underlying constitutional violation, he has not adequately pled the other elements of a *Monell* claim. As to the policy, Calhoun averred that Houston had a policy of "failing" to "properly discipline," "restrict," and "control" its employees. But such conclusory allegations are insufficient to state a claim. Furthermore, he has not averred any facts suggesting there was a final policymaker that promulgated a policy, which in turn deprived

Calhoun of his constitutional rights. Consequently, Calhoun's claim against Houston fails as a matter of law.

Next, we conclude that Calhoun's claim against HPD must be dismissed because he has not alleged any facts to indicate that it "enjoy[s] a separate legal existence" from Houston, which he must have done to state a claim against the department. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

Finally, we have determined that Calhoun did not state any plausible claims against Acevedo. "A supervisory official," such as a police chief, "may be held liable under § 1983 only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *See Gates v. Texas Dep't of Protective & Regul. Servs.*, 537 F.3d 404, 435 (5th Cir. 2008). Although Calhoun has not provided any facts that might imply Acevedo was personally involved in the three arrests at issue, he averred that Acevedo "took no steps to retrain officers on the proper way to make warrantless arrest (sic)," "took no affective steps to correct their abuse of authority," and "took no actions to discourage their unlawful abuse of authority." Construed liberally, Calhoun's complaint accordingly suggested that Acevedo is liable to him for (1) not training subordinate officials on the correct method of effecting warrantless arrests and (2) failing to adopt a policy regarding those officials' purported abuses of authority. Claims for failure to train and failure to adopt a policy both require allegations of deliberate indifference. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). Not only has Calhoun insufficiently pled how Acevedo failed to train his subordinates or what policy Acevedo should have adopted, but Calhoun has also not provided any facts indicating that the police chief acted with

deliberate indifference. For these reasons, dismissal of Calhoun's claims against Acevedo is also warranted as a matter of law.

### D. Motion for Leave to Amend

We also hold that the district court did not abuse its discretion in denying Calhoun leave to file another amended complaint.

A party may amend its pleading once as a matter of course either within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, within 21 days following service of a responsive pleading or a motion under Federal Rule of Civil Procedure 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1)(A)–(B). Otherwise, a party may amend a pleading "only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Calhoun, who has amended his complaint once already as a matter of course, is ineligible to further amend his complaint per Rule 15(a)(1). And because there is no indication that the defendants would consent to an amendment, Calhoun could amend his complaint only if he obtained the district court's leave to do so. *See id.* As noted and relevant to this case, the district court may deny leave if it finds further amendment would prove futile or if the plaintiff has acted in bad faith.

"An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." *Davis v. City of Alvarado*, 835 F. App'x 714, 719 (5th Cir. 2020) (per curiam) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)). "Therefore, we review the proposed amended complaint to determine whether it states a plausible claim for relief." *Id.* (citing *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 873 (5th Cir. 2000)). The only changes Calhoun made to his proposed amended complaint was to add several parties and remove HPD. These revisions do not correct for the deficiencies that the court has already identified in the operative complaint (save those vis-à-vis HPD). Given that the district court would have to

dismiss Calhoun's proposed amended complaint nominally for the same reasons that it dismissed the operative pleading, allowing further amendment here would prove futile.

In addition, we observe that Calhoun previously brought an analogous suit against Houston, HPD, and several of its officers over arrests that occurred in 2016. *See Calhoun v. Villa*, 761 F. App'x 297, 298–99 (5th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 326 (2019). That appeal assumed a notably similar posture, as Calhoun argued that "(1) the district court erred by granting [] Rule 12(b)(6) motions, (2) the district court abused its discretion by denying Calhoun's successive amendments, and (3) the district court abused its discretion by denying Calhoun's motion to recuse." *Id.* at 299.[4] This court affirmed the district court in all respects. *Calhoun*, 761 F. App'x at 301. A comparison of the case at bar with Calhoun's prior one therefore intimates that Calhoun may seek to harass Houston, HPD, and HPD officials for arrests the validity of which he disagrees, and then moves the judges overseeing his lawsuits as to those arrests to recuse themselves when he receives rulings he does not like.[5] This suggestion of bad faith also weighs on our decision to deny further amendment in this action.[6]

In sum, the district court correctly denied Calhoun leave to amend the operative complaint.

---

[4] A different trial judge—Alfred H. Bennett—presided over this earlier lawsuit. *See Calhoun v. Villa*, No. 16-CV-3001, 2017 WL 3670028, at *1 (S.D. Tex. Aug. 24, 2017).

[5] Calhoun even accidentally refers to Judge Bennett, instead of Judge Gilmore, in the portion of his opening appellate brief discussing his recusal motion.

[6] Calhoun argues that the district court erred in denying him leave to further amend his complaint because "defendant's (sic) did not state how allowing the motion to amend would prejudice them." But, as noted, prejudice to opposing parties is just one factor a court may consider in deciding whether to grant such leave.

No. 20-20311

## IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.